## Rand, McNally & Company v. Continental Mutual Fire Insurance Co.

1. INSURANCE—*Collection of Assessments—Burden of Proof.*—In an action by a mutual insurance company to recover an assessment the burden is upon the company to show that the assessment was in accordance with the charter and by-laws as alleged in its declaration.

2. LAWS OF FOREIGN STATES—*Must be Proved.*—The laws of foreign States must be proved.

**Assumpsit,** for an assessment in a mutual insurance company. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

G. W. & J. T. KRETZINGER, attorneys for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action by a mutual fire insurance company, to recover an assessment, said to have been made pursuant to the charter and by-laws of the company, by order of the Circuit Court of La Porte County, in the State of Indiana, upon a note given by appellant as a member of said company.

There were two special counts and the common counts in the declaration.

To this a special demurrer was filed, which was overruled, whereupon appellee proceeded to make proof upon an assessment of damages.

The note introduced in evidence was as follows:

" MICHIGAN CITY, IND., April 10, 1889.

For value received, in Policy No. A 551, dated the 26th day of March, 1889, we promise to pay to the Continental Mutual Fire Insurance Company the sum of three hundred sixty-seven and 50-100 dollars, by installments, at such times as the directors of said company may order and assess for the losses and necessary expenses of said company, pursuant to its charter and by-laws. It is hereby expressly understood and agreed that this note is not transferable, and that there is no liability beyond the face amount thereof.

RAND, McNALLY & Co.

Home Office No. ——."

Appellee did not present or prove the charter or by-laws

of the said insurance company; it therefore failed to show that the assessment was in accordance with the charter and by-laws, as alleged in its declaration.

The laws of foreign States must be proved. It is unnecessary to discuss the questions raised by the demurrer.

The judgment of the Circuit Court is reversed and the cause remanded.